## Hogan v. Davis and Wife.

1. An order made upon a bill, intended as a bill of review, which suspends proceedings on the decree, in the original cause, ceases to be operative after such bill is dismissed for want of equity.
2. Where parties have neglected to proceed upon a decree, until their rights under it have become so embarrassed by subsequent events, that it is necessary to have the decree of the Court to settle and ascertain them, it is then necessary to file a new bill. But the mere lapse of time will not render such a step necessary, where the omission to execute the decree was assented to by the defendant.

This cause comes here by appeal from the Chancery Court, sitting at Mobile.

ON the 21st June, 1827, the appellant filed on the equity side of the circuit court of Mobile, a bill to foreclose the equity of redemption of the appellees to certain real estate, situate in that county, previously conveyed by way of mortgage, by the latter to the former.

On the 21st February, 1828, an order was made, taking the bill *pro confesso*, and referring it to the master to take and report an account of the amount due on the mortgage for principal and interest. The master having made his report, the court, on the 9th December, 1829, confirmed it, and rendered its decree, directing that the mortgaged premises be sold by the master, to pay and satisfy the sum ascertained to be due; with interest, costs, &c.

No proceedings appear to have taken place under the decree until March, 1831, when an agreement was signed by the parties to postpone the sale until the first of April,—after which we discover that similar agreements were made from time to time, up to December of that year, when the appellees presented, what they call a bill of review to the Circuit Court, then in session, praying an injunction against the decree of foreclosure. On that bill, the Court made the following order: " This day came the said parties by their solicitors, and it is ordered, adjudged and decreed, that the master in chancery appointed in the case of John B. Hogan v. George Davis, be enjoined from selling the premises of said George Davis mentioned in said de-

cree, on said Davis paying the sum of three hundred and eighty-five dollars and thirty-four cents, the amount of said Davis's own note. including interest, mentioned in the bill of complaint of Hogan v. Davis, and the decree made in said cause of John B. Hogan v. George Davis, be opened, and for nothing held. on payment of the said sum of $385 34-100."

The bill being continued from time to time, on the 15th January, 1838, the appellant filed a demurer to the same; and upon the organization of separate Chancery courts shortly thereafter, the cause was transferred to that jurisdiction.

On the 15th May, 1839, the demurrer was brought on for argument, and thereupon sustained, and the bill of the appellees dismissed with costs. To revise that degree, a writ of error was prosecuted, and a judgment of affirmance here rendered, at January term, 1840.

In the transcript, there is an agreement, signed by both parties, bearing date the 6th July, 1840, by which it appears, that at the request of the appellees, the sale of the mortgaged premises was to be postponed to the first Monday in January thereafter. On the last mentioned day, it appears by the masters report, he sold in obedience to the directions of the decree of December, 1829, the mortgaged premises, and that the appellant was the highest and best bidder for the same, at the sum of seven thousand dollars, and consequently became the purchaser. A motion being made to confirm the report of the master, the appellees objected. *First*, because the decree of December, 1829 was reversed by the order of December, 1831, which still remained in full force. *Second*, because the decree of December, was of a date too ancient, to have authorised a sale under it in January, 1841.

The Court overruled the motion to confirm the master's report, saying, whether the first objection was well taken, it was not necessary to decide; as to entitle the apellant to the benefit of the decree of 1829, he should have filed a new bill.

STEWART, for the appellant.
B. F. PORTER, for the appellees.

COLLIER, C. J.—*First*, When a branch of this cause was here in January, 1840, a majority of the court were of opin-

ion, that the order made by the Circuit Court, upon what was intended as a bill of review could not be regarded as a final decree, from which an appeal or writ of error could be prosecuted. That that order, though couched in unusual terms, could only be regarded as the *fiat* of the court directing the suspension of proceedings on the original decree, and indicating its assent to a review of the proceedings, that they might if erroneous, be reversed.

If this view was correct, it is clear, that by affirming the decree of the Chancellor, dismissing the bill of review, not only the bill itself, but the proceedings had thereon, ceased to have any influence on the decree of 1829. The order was dependent for its support, upon the bill, and the bill being dismissed for the want of equity, the order became wholly inoperative.

*Second,* It is true, that in order to carry a decree into execution, it sometimes becomes necessary to file a new bill. This happens, generally, it is said, in cases where parties have neglected to proceed upon the decree, until their rights under it become so embarrassed by subsequent events, that it is necessary to have the decree of the Court, to settle and ascertain them. Story's Eq. Pl. 343.

It is not pretended that there has been any change of interest to prevent the execution of the decree of foreclosure and sale. The same persons are shown by the record, to be parties, that were complainant and defendants, in 1827. The bill of review does not appear to have been disposed of as early as we suppose it to have been practicable, yet the appellees cannot be allowed to avail themselves of its pendency, as an objection to the execution of the decree enjoined by it. They arrested proceedings by an order of a competent court, and however erroneous that order may have been, it was the duty of all concerned to yield obedience to it.

Not contented with the dismissal of their bill by the Court of Chancery, the appellees prosecuted their writ of error to this court, where in January, 1840, the decree was affirmed: all obstacles to the execution of his decree being removed, the defendant in a few months had the property advertised and sold. We think the cause of the appellant's delay, is sufficiently shown to have been superinduced by the legal difficulties interposed by the appellees.

We lay no stress upon the agreement from time to time, to postpone the sale, as the appellants case does not require such aid.

It results from what we have said, that the decree of the Chancellor, setting aside the master's report, must be reversed, and the cause remanded, that the report may be confirmed, and such other proceedings had, as may be necessary to make the execution of the decree of December, 1829, effectual.